**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

**MUHAMMAD SHAHIDULLAH**, and

**DAWAH USA INC.**,

        Plaintiffs,

v.

 **ABHA SHANKAR**;

        Defendant.

Case No. 8:20-cv-03602

Hon. Paul W. Grimm

---

## FIRST AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiffs Imam Muhammad Shahidullah ("Imam Shahidullah") and Dawah USA Inc. (collectively "Plaintiffs"), by and through their undersigned attorneys, allege as follows on personal knowledge, and on information and belief, for this Complaint against Defendant:

### BACKGROUND

1.    Plaintiff Imam Shahidullah is a respected Imam (Islamic religious leader) in New York City. Imam Shahidullah has been targeted by Defendant Shankar in an unfounded attempt to smear his reputation and expose him to xenophobic and Islamophobic hatred.

2.    Imam Shahidullah has devoted his career to interfaith efforts and peace advocacy. In 2016-2017, Imam Shahidullah created Dawah USA Inc., a 501(c)(3) public charity devoted to promoting and developing cooperation and understanding among people of diverse faiths in general and Muslims in particular.

3.    In an August 9, 2019 article (the "Article") for the Investigative Project on Terrorism ("IPT"), Defendant Abha Shankar, a long-time and senior researcher for IPT,

wrongfully accused Plaintiffs of operating a so-called "extremist" website www.dawahusa.com and publishing the teachings of a deceased Al-Qaeda cleric, among other highly inflammatory and unfounded statements. Defendant concluded the Article stating: "The fact that a hard-core Islamist operating under the guiseof an interfaith worker is embraced by law enforcement is concerning and highlights the rising danger from Islamist wolves masquerading in sheep's clothing."

4.      Defendant Shankar and IPT have, since being contacted by Plaintiffs' counsel on September 28, 2020,taken down the Article, replacing it with a statement addressing their mistake. Nonetheless, IPT maintains on their website the same URL as the original Article with the title "NY Imam Active in Interfaith Work Disseminates Extremist Propaganda on the Side." Neither

**NY Imam Active in Interfaith Work Disseminates Extremist Propaganda on the Side**

*IPT News*
**August 9, 2019**
**https://www.investigativeproject.org/8031/ny-imam-active-in-interfaith-work-disseminates**

**Note to Readers**

On Aug. 9, 2019, the Investigative Project on Terrorism published a story, "NY Imam Active in Interfaith Work Disseminates Extremist Propaganda on the Side" referring to Muhammad Shahidullah. In it, we incorrectly connected Muhammad Shahidullah to this website DawahUSA.com. In fact, Mr. Shahidullah's website is DawahUSA.org. We regret the error.

Ms. Shankar nor IPT dispute that they made an "error" and "incorrectly connected" Plaintiffs to what they call an extremist website. In their October 5, 2020 communication to Plaintiffs through counsel, Ms. Shankar and IPT indicate they were able to realize this error "upon review" of the website, suggesting that such a review never occurred prior to the publication of such a prejudicial, inflammatory, and defamatory article.

5.      Notably, Ms. Shankar did not speak with Plaintiffs to inquire about the www.DawahUSA.com website prior to publication. If Ms. Shankar had informed Plaintiffs that she was writing about a website entitled www.DawahUSA.com, Plaintiffs would haveimmediately

notified her that they do not have a website for Dawah USA Inc.[1] and that they do not operate www.DawahUSA.com.

6.      The Article was maintained for over a year and re-published in several anti-Muslim publications and websites, leading to more than one hundred offensive comments, subjecting Plaintiffs to significant embarrassment, fear of discriminatory targeting, and damage to reputation.

7.      When Plaintiff Imam Shahidullah contacted the Article's author, Defendant Shankar to inform her that neither he nor Dawah USA Inc. are associated with the website dawahusa.com, Ms. Shankar not only failed to address the falsehood, but instead blocked him on Twitter and did not otherwise respond.

8.      For seven months, though Ms. Shankar and the Investigative Project on Terrorism had actual knowledge that Plaintiffs had nothing to do with www.DawahUSA.com, Ms. Shankar and IPT kept the defamatory article on the IPT website.

9.      The Article was only removed once Plaintiffs contacted Ms. Shankar and IPT through counsel.

10.     Ms. Shankar, through counsel, maintained in communication to Plaintiffs that IPT "retains the right to publish its findings about the connections of [Plaintiff Shahidullah]" to "radical material." Plaintiff Shahidullah perceives this as a threat, and views it as further evidence that the publication of the August 9, 2019 article was not done out of careless error but is part of a deliberate, malicious, and targeted effort to tarnish his reputation, interfaith work, and career of contributions to New York City and the Muslim community.

---

[1] When the Investigative Project on Terrorism published and broadcasted the Article, Plaintiffs did not have a website for Dawah USA Inc.

**THE PARTIES**

11.     Plaintiff Muhammad Shahidullah is an Imam residing in Queens, New York who is active in interfaith outreach and runs a 501(c)(3) public charity titled Dawah USA Inc.

12.     Plaintiff Dawah USA Inc. is a New York domestic not-for-profit and 501(c)(3) organization headquartered in New York.

13.     Defendant Abha Shankar is described publicly as "Senior Intelligence Analyst & Director of Research" for the Investigative Project on Terrorism ("IPT") and its accompanying website www.investigativeproject.org. Ms. Shankar has worked for IPT since 2005. Ms. Shankar is the author of the Article and defamatory statements therein at issue in this Complaint. Defendant Shankar is a resident of Montgomery County, Maryland.

14.     Ms. Shankar works on behalf of a variety of entities which collectively own, operate, disseminate, and/or fundraise for IPT. These entities include the Investigative Project on Terrorism Foundation, the Investigative Project on Terrorism Research Group, Inc., and SAE Productions, Inc.

15.     Ms. Shankar is formally employed to provide writing, research, and research direction for IPT by SAE Productions, Inc., a for-profit company owned by Steve Emerson, the founder of IPT, the Investigative Project on Terrorism Foundation, who also owns the Investigative Project on Terrorism Research Group, Inc.

**JURISDICTION AND VENUE**

16.     Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's claimsbased on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000.

17.     Venue is appropriate in this judicial district, pursuant to 28 U.S.C. § 1391, because thisCourt has personal jurisdiction over Defendant by reason of the fact that Defendant Shankar is

4

a resident of Maryland.

## STATEMENT OF FACTS

18.  The Investigative Project on Terrorism ("IPT") is a research organization founded in 1995 which claimsto be a storehouse of archival data and intelligence on international terrorist groups. IPT maintains a website on which is publishes its claims and research.

19.  The Investigative Project on Terrorism Foundation is a tax-exempt private foundation organized under Delaware law, which claims to be a storehouse of archival data and intelligence on Islamic and Middle Eastern terrorist groups. The Investigative Project on Terrorism Foundation is the fundraising arm of IPT, according to the IPT website.

20.  The Investigative Project on Terrorism Research Group Inc. is a corporation organized under Delaware law which provides management services to the Investigative Project on Terrorism Foundation.

21.  IPT is a key purveyor of Islamophobic smears against Muslim leaders and institutions throughout the country and has been recognized as such. For example, the Center for American Progress, a public policy research organization, in a comprehensive 130-page report analyzingIslamophobia in the United States, reviewed IPT and concluded that it believed IPT to be a key part of the "the Islamophobia network in America."[2] Additionally, the Southern Poverty Law Center, an authority on the study of domestic hate and terrorism groups, took issue with IPT's characterization of data presented to Congress which it viewed as "meant to hype the domestic Muslim threat."[3] IPT'sbroader agenda provides insight as to the context and intent by which IPT,

---

[2] Wajahat Ali et al., *Fear, Inc.: The Roots of the Islamophobia Network in America*, Center For American Progress (August 2011), 127.

[3] Robert Steinback, *Steve Emerson, Backing King Hearings, Pushes Misleading Statistic on Muslim Terrorism*, SOUTHERN POVERTY LAW CENTER (Mar. 23, 2011), *available at* https://www.splcenter.org/hatewatch/2011/03/23/steve-emerson-backing-king-hearings-pushes-misleading-statistic-muslim-terrorism.

including and specifically Ms. Shankar, produced and published the statements made regarding Plaintiff.

22.    According to an investigation by *The Tennessean* newspaper, IPT solicits money by telling donors they are in imminent danger from Muslims.

23.    According to Vox.com, IPT "primarily argues that mainstream Muslim-Americans and Muslim-American groups are secretly terrorists who are plotting against the US."

24.    Defendant Abha Shankar is "Senior Intelligence Analyst & Director of Research" for IPT. She has worked for IPT for the majority of the group's existence, since 2005.

25.    From August 9, 2019 to October 5, 2020, Defendant Shankar published and maintained an article for the IPT website titled "NY Imam Active in Interfaith Work Disseminates Extremist Propaganda on the Side" (the article is hereinafter referred to as the "Article"). A copy of the Article is attached hereto as Exhibit A.

26.    The Article contained several false and defamatory statements.

27.    The Article falsely stated that "Shahidullah also runs a proselytizing website, Dawah USA, that ostensibly seeks to invite people to Islam but in fact serves as a clearinghouse for extremist and Islamist propaganda, the Investigative Project on Terrorism finds."

28.    This assertion that Defendant made in the Article is a factual statement.

29.    The words "proselytizing website" contained a hyperlink to www.dawahusa.com.

30.    Plaintiffs do not "run" the website (www.dawahusa.com) that Defendant linked to in her Article. At the time of the Article's publication, Plaintiff Dawah USA Inc. did not own or operate any website with the words "dawahusa" in the URL address.

31.    Notably, the website www.dawahusa.com makes no mention or reference to Dawah USA Inc. or Imam Muhammad Shahidullah. Defendant Shankar could have discovered this information upon a simple review of the website.

32.     In the "contact us" page of dawahusa.com, the website includes an email zbm@nyc.rr.com. Similarly, the donation link for dawahusa.com goes to a paypal.com donation screen directing donors to make a donation to zbm@nyc.rr.com.

33.     Defendant did not speak with the only contact that is listed on the dawahusa.com website. Nor did Defendant pose any question about who's website dawahusa.com is. Rather, Defendant has represented that she briefly asked Imam Shahidullah to talk, and when he was unable to immediately schedule a call, she then emailed zbm@nyc.rr.com to seek a final comment before publishing the piece. The questions in that email (again, not sent to an address owned by Imam Shahidullah) were mostly Islamophobic "gotcha" questions such as arguing that religious outreach is forbidden by Islam and asking if Shahidullah believes America should be governed by Sharia law. *See* Dkt. 36-2. Defendant did not otherwise seek or get any confirmation that the website belonged to Plaintiffs.

34.     Moreover, any reasonable researcher (as IPT describes themselves) would have discovered that the website dawahusa.com was created in 2008, almost a decade before Dawah USA Inc. was established. Dawah USA Inc. was established in 2017.

35.     Defendant Shankar was aware at the time of publication that Dawah USA Inc. did not exist prior to 2017. In fact, Defendant's Article linked to the tax records for Plaintiff Dawah USA Inc.

36.     Even when Defendant Shankar and IPT had actual knowledge that the Article was inaccurate, they declined to remove it and kept the Article on the IPT website for another seven months. Only after Defendant was served with a cease and desist was the Article taken down.

37.     The Article falsely accused Plaintiffs of broadcasting "on the Dawah USA website" "an audio of American-born al-Qaida cleric Anwar al-Awlaki's infamous 2002 'It's a War on Islam' speech." This factual statement is false and defamatory. Defendant falsely claimed that

Plaintiffs are spreading materials or speeches of Anwar al-Awlaki in an attempt to smear and damage Plaintiffs' reputations and harm their interfaith work.

38. The Article also states that "Shahidullah declined to discuss the content on his website after repeated requests for comment." His "website" refers to dawahusa.com. This statement is false as Plaintiff Shahidullah has never owned or operated the website that Defendant claim he refused to discuss.

39. The Article also falsely states:

a. "Dawah USA features speeches by Ali al-Timimi, the spiritual leader of the Virginia Jihad Network, a group of 11 men who wanted to train for jihad against U.S. forces after 9/11 with the Lashkar-e-Taiba terrorist group."

b. "Speeches by al-Timimi's mentor Abu Ameenah Bilal Philips, a Canadian-raised Salafist currently living in Qatar, also are posted on Dawah USA."

c. "Several recordings by Indian hate preacher Zakir Naik, whose inflammatory speeches have inspired Muslim youth to engage in terrorist acts, also appear on Dawah USA."

d. "Other Salafi jihadists whose lectures have been published on the website include Ahmed Deedat, Abdul Hakeem Quick, Israr Ahmad, Jamal Badawi, Khalid Yasin, Maulana Syed Abdul Ala Maududi, Siraj Wahhaj, and Yusuf Estes."

40. The statements recited in paragraph 39 (a-d), which are found in the Article, are false and defamatory. Defendant attempts to deceive IPT's audience and the public at large into believing that Plaintiffs distributed the materials cited in the Article. In fact, Plaintiffs have never even heard of Ali al-Timimi, the Virginia Jihad Network, or some of the names mentioned in Defendant's Article.

41. The Article falsely attributes the following to Plaintiffs:

Shahidullah's Dawah USA also features an undated, anonymous article, 'Why does Islam degrade women by keeping them behind the veil?,' which argues that Islam and Muslim modesty culture offers a solution to reducing rapes in America.

'Consider a scenario where the Islamic hijaab is followed in America. Whenever a man looks at a woman and any brazen or unashamed thought comes to his mind, he lowers his gaze.Every woman wears the Islamic hijaab, that is the complete body is covered except the face and the hands up to [sic] the wrist. After this if any man commits rape he is given capital punishment. I ask you, in such a scenario, will the rate of rape in America increase, will it remain the same, or will it decrease?'

'Naturally as soon as Islamic Shariah is implemented positive results will be inevitable,' the article says. 'If Islamic Shariah isimplemented in any part of the world, whether it is America orEurope, society will breathe easier. Hijaab does not degrade a woman but uplifts a woman and protects her modesty and chastity.'

It is nearly identical to a 2015 article by Shadab Akram published by Quora.

The notion that Western values empower women is false, the article further claims. 'Western talk of women's liberalization is nothing but a disguised form of exploitation of her body, degradation of her soul, and deprivation of her honour. Western society claims to have 'uplifted' women. On the contrary it has actually degraded them to the status of concubines, mistresses and society butterflies who are mere tools in the hands of pleasure seekers and sex marketeers, hidden behind the colourful screen of 'art and 'culture'.'

42.     The Article falsely stated that Plaintiffs broadcasted and published an article that denounces interfaith outreach as an evil concept contrary to Islam. The false allegations that Plaintiffs would denounce the exact work that Plaintiff Shahidullah has devoted his life to and that Plaintiff Dawah USA Inc. has devoted itself to is absurd and further showcases Defendant's

attempts to falsely paint Plaintiffs as hypocritical and to damage Plaintiffs' reputations and work. Specifically, the false and defamatory statements state:

> An article, 'Matters Which Nullify Ones Islaam,' on Shahidullah's website denounces interfaith outreach as an 'evilconcept' contrary to Islam.

> 'It is impermissible for any Muslim who believes in Allaah as his Lord, Islaam as his religion and Muhammad … to call towards the evil concept of Interfaith, encourage it, facilitate its conveyance to the Muslims, attend its conventions or belong to any of its clubs or organizations,' it says. It concludes by advising Muslims 'to protect the religion of Islaam, preserve the Islamic creed and protect it against the misguided people of falsehood and those who share their ideas and beliefs. They must be aware of 'Interfaith' and its traps.

43.  The Article concluded by stating: "The fact that a hard-core Islamist operating under the guise of an interfaith worker is embraced by law enforcement is concerning and highlights the rising danger from Islamist wolves masquerading in sheep's clothing."

44.  Plaintiff Dawah USA Inc. is a 501(c)(3) tax-exempt public charity and has published none of these materials. Its purpose is to "promote and develop cooperation and understanding among the people of diverse faiths in general and Muslims in particular." Its projects include interfaith support and contributing toward a society free of prejudice. At the time of Defendant's publication of the Article, Plaintiff Dawah USA Inc. did not have a website. Plaintiff Dawah USA Inc. recently established its webpage at www.dawahusa.org. Prior to publication of the Article, Plaintiff Dawah USA Inc. was not contacted by Defendant to discuss the website dawahusa.com.

45.  Imam Shahidullah is active in interfaith outreach in New York City and has been recognized for his efforts. He is the director of ITV USA, an online based Muslim community channel. Imam Shahidullah is also the founder and president of Interfaith Center of USA and a voluntary chaplain for the New York State Chaplain Task Force.

46. Imam Shahidullah first learned of the Article on or around March 4, 2020, when he received a phone call from the print shop owner that he and Dawah USA Inc. use for their printing needs. The print shop owner called to inform Imam Shahidullah that another customer and journalist (the "Customer") with Weekly Nobojug, a Bangla news and media website, had advised the print shop owner to disassociate from and to be careful of Imam Shahidullah because Imam Shahidullah "is involved with something bad" involving a website. The print shop owner defended Imam Shahidullahagainst the accusations. The Customer informed the print shop owner to run a Google search of Imam Shahidullah to find the information for himself. The print shop owner ran a Google search and found Defendant's Article and the defamatory statements contained therein.

47. On the phone call between Imam Shahidullah and the print shop owner, the print shop owner began to question Imam Shahidullah about the content in Defendant's Article. Imam Shahidullah was dumbfounded. Imam Shahidullah defended himself and his reputation during the call.

48. When Imam Shahidullah ran a Google search on himself, he found Defendant's Article published and disseminated on more than a dozen websites. Imam Shahidullah was shocked and immediately worried about his safety, relationships, and reputation, and that his life's work in bringing people of different faiths together would be damaged and permanently ruined and stained by the Article. He began to suffer from severe anxiety and extreme stress.

49. After reading the Article, Imam Shahidullah began researching Defendant Shankar and IPT, and on the ways he could contact Ms. Shankar and IPT to inform them that their statements about him and Dawah USA Inc. were false.

50. On March 5, 2020, shortly after midnight because Imam Shahidullah could not sleep due to his anxiety and fears, Imam Shahidullah contacted Defendant Shankar on Twitter to

inform her that neither he nor Dawah USA Inc. are associated with the website dawahusa.com.

ITVUSA is the website directed by Plaintiff Shahidullah, who manages the Twitter username

@itvusanews.



51.    Instead of responding or contacting Imam Shahidullah, Defendant Shankar blocked

Imam Shahidullah on Twitter.

52.    Imam Shahidullah then proceeded on March 5, 2020, at 9:15 a.m. to send a tweet

on Twitter to IPT. Imam Shahidullah identified himself, provided his cell phone and email, and

clearly informed IPT that Plaintiffs have no association with the dawahusa.com website. Imam

Shahidullah did not receive a response.



53.     On September 28, 2020, Imam Shahidullah sent, through counsel, a cease-and-desist letter to Defendant Shankar and IPT, pointing out the false and defamatory nature of the August 9, 2019 article.

54.     In a reply letter dated October 5, 2020, Defendant Shankar and IPT, through counsel, stated that "upon review we have concluded that your client's website is indeed www.dawahusa.org [sic] and not www.dawahusa.com. We have therefore taken down our August 9, 2019 article and in its place posted a retraction and will notify other websites who have posted or have referred to our article of this mistake."

55.     IPT published a "Note to Readers" on their website admitting that on August 9, 2019, IPT published a story titled "NY Imam Active in Interfaith Work Disseminates Extremist Propaganda on the Side." In the Note, IPT indicates that it "incorrectly connected Muhammad Shahidullah to this website DawahUSA.com" and that "we regret the error." However, the title on the IPT website continues to falsely state "NY Imam Active in Interfaith Work Disseminates Extremist Propaganda on the Side."

56.     The Article and the false and defamatory statements therein were republished in several places and were maintained on different sites which reveal the impact and harm done to Imam Shahidullah's reputation. For example, the Facebook page for the organization Citizens for National Security, which has nearly half a million followers, maintains a post with excerpts from the IPT piece which has elicited over one hundred comments, several of a highly inflammatory and Islamophobic nature that are now associated with web searches of Imam Shahidullah's name.



**Debbie Corcoran** THIS IS THE NEW GOVERNMENT IN USA..DEMOCRATS LOVE HIM....BEWARE..DO NOT TRUST THEM IN ANY WAY SHAPE OR FORM..THEY ARE NOT FOR AMERICA..THEY WANT TO RULE IT...THE VENOM IS HERE AND ITS REAL

Like · Reply · 1y          3

**Dennis Buckmeir** If this group is inciting civilian unrest and recruiting terrorists what is the FBI doing to expose this. Shouldn't the FBI be doing something about this situation? Instead the FBI is digging up dirt against the President.

Like · Reply · 1y          11

**Pamela Black** shut him down

Like · Reply · 1y

**Lee Kornelis** They are snakes, do not be deceived.

Like · Reply · 1y

**Rick Shutt** Snake

Like · Reply · 1y

**Peter Hanmer** He is doing just what they said they were going to do. Soon they will gain more power and lead us to homeland division and conflict like the Middle East and every country they have invaded. It's happening daily.

Like · Reply · 1y          2

**Bettie Lee Bleckman** Unfortunately, most are not to be trusted...We MUST NOT ALLOW ANOTHER 9 - 11!!!

Like · Reply · 1y          6

**Ruthie Stonecypher** Dont trust any of them..period...

Like · Reply · 1y          3

**Edward Bentley** They told us they would conquer us from within! They only follow sharia law, NOT the Constitution.

Like · Reply · 1y          10

**Barbara Tallent** So the imams are hypocritical and liars in plain English.

Like · Reply · 1y          3

**Joseph Rayborn** From within.....happening throughout America at all government levels.

Like · Reply · 1y          15

57.    As another example, the Twitter page of Amy Mek (@AmyMek) who has more than a quarter million followers and runs an anti-Muslim organization called RAIR Foundation, maintains a post with excerpts from Defendant's Article.



**Amy Mek**
@AmyMek

Exposed!

NY Imam active in Interfaith work spreads extremist propaganda on the side

IMAM Muhammad Shahidullah organization, Dawah USA Inc., works with & promotes anti-America radicals.

This same IMAM visited the W.H. in April, was embraced by NYPD, etc.
investigativeproject.org/8031/ny-imam-a...

Muhammad shahidullah
Queens, New York
1:53   3.5K views

11:59 PM · Aug 11, 2019 · Twitter Web Client

**314** Retweets   **15** Quote Tweets   **254** Likes

58. Ms. Mek's post has been shared or retweeted on Twitter 314 times and has garnered several highly inflammatory and offensive remarks directed at Plaintiff Shahidullah, including one commenter who wrote the following: "This son of a bitch [referring to Imam Shahidullah] should be arrested and, if applicable, deported immediately."



59.     According to IPT's website, the Article was shared directly from the website to Facebook 340 times. Additionally, the Article through the website was shared 49 additional times onto other platforms. This data is available at:

https://www.investigativeproject.org/8031/ny-imam-active-in-interfaith-work-disseminates.



60.     Defendant Shankar disseminated the Article to her more than 1000 followers on Twitter. Defendant Shankar continues to keep a post about the Article on her profile at the www.muckrack.com website. *See* screenshot taken on November 2, 2020 from Defendant Shankar's profile on Muck Rack:

**MUCK RACK**

New York Imam Active in Interfaith Work Disseminates Extremist Propaganda on the Side

By Abha Shankar

algemeiner.com — New York City's Diamond District. Photo: Wikimedia Commons. Muhammad Shahidullah is a man of seeming contradictions. As an imam, he is active in interfaith outreach, speaking to the New York Police Department and visiting the White House in April as part of an interfaith delegation. In December 2017, he participated in an interfaith event organized at New York's 9/11 Tribute Museum.

ABOUT A YEAR AGO    Ⓕ    in    🐦    | 🔗 Open in Who Shared    | Wrong byline? ▾

61.     A simple Google search of "Muhammad Shahidullah Dawah USA" now returns a first page that includes Defendant's false article.

62.     Upon information and belief, Defendant Shankar caused IPT to disseminate the Article to the IPT e-mail listserv/newsletter which contains thousands of individuals and/or organizations throughout the United States, including individuals and/or organizations in Maryland.

63.     Defendant took steps to cause and ensure that the false and defamatory statements were widely disseminated.

64.     Plaintiff Shahidullah is not a public figure.

65.     At the time the Article was published Defendant knew the Article was false or, at a minimum, published the Article with reckless disregard for the truth or falsity of the statements it contained. After Ms. Shankar had formal notice from Plaintiff—and therefore knowledge—that the Article was false, Ms. Shankar not only failed to remedy the falsehoods of the Article but instead took the deliberate action of blocking Plaintiff on Twitter. Defendant continued to publish the

Article on IPT's website and elsewhere for seven more months. The Article was <u>not</u> published in innocent error.

66.     Defendant acted with knowledge or reckless regard as to the falsity of the article, among other reasons, because IPT's reason for existing is to accuse Muslims of being extremists who are tied to terrorism. Indeed, as one scholar has noted, "They [IPT] make no distinction between regular Muslims and Islamists."[4]

67.     Defendant acted with knowledge of reckless regard to the falsity of the article, among other reasons, because IPT's fundraising depends on telling donors they are in imminent danger from Muslims.

68.     Indeed, Defendant demonstrated a continued eagerness to publish disparaging and false claims regarding Imam Shahidullah. Defendant Shankar and IPT remain, for whatever reason, convinced of their perception of Imam Shahidullah as an "extremist" and seeks to engage in a deliberate, malicious, and targeted effort to tarnish his reputation, interfaith work, and career of contributions to New York City's community.

69.     The false statements contained within the Article are defamation per se because they involved behavior incompatible with the proper conduct of Imam Shahidullah's business, trade or profession of being an interfaith religious leader. The false statements accuse Imam Shahidullah of supporting war crimes and terrorists.

70.     The false statements contained within the Article are defamation per se because they involved behavior incompatible with the proper conduct of Dawah USA Inc.'s business, trade or profession of being a not-for-profit organization to bring people of different faiths together through interfaith work. Dawah USA Inc. is further damaged when its founder and executive officer is

---

[4] Deepa Kumar, *Islamophobia and the politics of empire*, 179-80 (Chicago, Ill.: Haymarket Books, 2012).

falsely maligned by Defendant Shankar.

71.    The falsehood caused significant harm to the reputation of Plaintiffs. Imam Shahidullah and Dawah USA Inc. have suffered damage as a result of the false and defamatory statements in the Article in an amount to be proven at trial but in excess of $75,000.

## CAUSE OF ACTION

### Count I
### Defamation

72.    The foregoing allegations are repeated and incorporated as though fully set forth herein.

73.    Defendant Shankar's statements were defamatory per se.

74.    The plain import of the statements were an attack on the character, reputation, repute, name and status of Imam Shahidullah and are reasonably understood to state that Imam Shahidullah owned and/or operated an extremist website, ran a clearinghouse for extremist propaganda, and is associated with a deceased terrorist and Al-Qaida cleric Anwar al-Awlaki.

75.    The plain import of the statements were an attack on the character, reputation, repute, name and status of Dawah USA Inc. and are reasonably understood to state that Dawah USA Inc. owned and/or operated an extremist website, ran a clearinghouse for extremist propaganda, and is associated with a deceased terrorist and Al-Qaida cleric Anwar al-Awlaki.

76.    Shankar made the statements either knowing they were false, having serious doubts about their truth, or with reckless disregard for their truth or falsity.

77.    Shankar's statement exposed Imam Shahidullah and Dawah USA Inc. to hatred, xenophobia, Islamophobia, contempt, ridicule, and shame, and discouraged others from hiring, associating, or dealing with him and/or Dawah USA Inc.

78.    As a result, Imam Shahidullah and Dawah USA Inc. have suffered damages in an

amount to be proven at trial, including but not limited to, harm to reputation, emotional harm and exposure to contempt, ridicule, and shame.

79.     Imam Shahidullah is not a public figure.

80.     Imam Shahidullah's and Dawah USA Inc's damages exceed $75,000.

81.     Plaintiffs are further entitled to punitive damages in an amount to be proven at trial because in making the defamatory statements identified herein because, as evidenced by the context in which Defendant Shankar and IPT research and operate their website and routinely face public condemnation for their role in encouraging Islamophobia, Defendant Shankar acted with malice, oppression, or fraud.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

A.     Compensatory damages in an amount to be proven at trial;

B.     Punitive damages;

C.     Award counsel for Plaintiffs costs and attorneys' fees; and

D.     Grant any further relief that this Court deems just and proper.

# JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: March 26, 2021

Respectfully submitted,

CAIR LEGAL DEFENSE FUND

_____/s/Lena Masri_____
LENA F. MASRI  (20251)
GADEIR I. ABBAS (20257)*
JUSTIN SADOWSKY (20128)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 488-8787


*Gadeir Abbas is licensed in VA, not in D.C.
Practice limited to federal matters.

___/s/ Ahmed Mohamed_____
Ahmed Mohamed*
Carey Shenkman*, Of Counsel
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, NEW YORK INC. (CAIR-NY)
46-01 20th Avenue,
Queens, NY 11105
(646) 665-7599
ahmedmohamed@cair.com
cshenkman@cair.com

*Pro Hac Vice

*Attorneys for Plaintiffs*