# Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Eugene R. Licker
Tel: 646.346.8074
Fax: 212.223.1942
LickerE@ballardspahr.com

March 30, 2021

*By Electronic Filing*

Paul W. Grimm
District Judge
United States District Court, District of Maryland
6500 Cherrywood Lane
Suite 465A
Greenbelt, MD 20770

Re:   Shahidullah et al. v. Shankar, 20-cv-03602 (PWG)

Dear Judge Grimm:

We represent Defendant in the above action and write to address the effect of Plaintiffs' Complaint amendment on the outstanding Rule 11 motion and the prospective motion to dismiss. On March 26, 2021, after conducting the deposition of Defendant Shankar, the CAIR Legal Defense Fund submitted an amended complaint on behalf of Plaintiffs. The substantive allegations are largely unchanged, although there are some new unfounded allegations and Plaintiffs now seem to base their malice argument on the fact that on March 5, 2020, almost 7 months after publication, Plaintiff Shahidullah tweeted to Ms. Shankar that the website whose name mirrored that of Plaintiff Dawah USA, Inc., "This is not belong us [sic]." Implicitly, Plaintiffs seem to take the positions that (a) this post-publication fact has some relevance here, and (b) Ms. Shankar was legally required to believe the statement (assuming she understood it). The applicable jurisprudence supports neither position. The same is true of Imam Shahidullah's alleged tweet to IPT, that " We have no web site dawahusa. We are not associated dawahusa web. I want totalk with yourteam. [sic]"

The primary change is that Plaintiffs are no longer suing the IPT entities. On March 26, having heard and seen nothing regarding the amended complaint, I reached out to Mr. Abbas, who informed me, via email, that "based on Wednesday's deposition, we will proceeding [sic] against Ms. Shankur [sic] alone." We are incredulous that anything said at the deposition was needed for the CAIR lawyers – there were seven of them at the Shankar deposition – to understand that courts in Maryland do not have general jurisdiction over the IPT entities. There is no reading of *Daimler* or *Goodyear* that would dictate a different result. While CAIR had an interesting and totally untested theory about general jurisdiction where an entity had no principal place of business, IPT does have offices in the District of

Paul W. Grimm
March 30, 2021
Page 2

Columbia, as we informed CAIR in our two safe harbor letters, our two pre-motion letters, and our motion for sanctions.

Nonetheless, by resting their withdrawal entirely on a post-filing deposition, Mr. Abbas and CAIR have admitted that they failed to conduct a responsible investigation prior to filing in Maryland. They are obliged to do so and, absent such an investigation, are susceptible to Rule 11 sanctions. *See Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987) (standard is objective reasonableness; "it is clear that the rule imposes upon an attorney a duty to conduct a pre-filing examination of both the facts and the law before instituting legal process"); *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.*, 898 F.2d 953, 956 (4th Cir. 1990) (counsel must incorporate information learned in the course of the case); *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990) ("The need for discovery to complete the factual basis for alleged claims is not an excuse to allege claims with no factual basis").

The bases for dismissal, other than jurisdiction, and for sanctions, including the costs of participating in the unnecessary jurisdictional discovery, remain largely the same as articulated with respect to the original complaint. There are some new, false allegations that we would want to address in each motion. Given CAIR's admission that it brought suit in Maryland without conducting an investigation, and in the face of dispositive law and facts rebutting jurisdiction, we respectfully request that the Court take up our Rule 11 motion or at least that part of it that goes to jurisdiction. With regard to the motion to dismiss, absent contrary word from Your Honor, we will assume that the Court's previously announced briefing schedule remains in place, and we expect to move to dismiss the amended complaint on or before April 16, 2021. Please correct us if we are wrong, but we understand that no additional pre-motion letter is required.

Finally, although Plaintiffs supplied a red-lined copy of the amended complaint to show the changes, we found the deletions, which are revealed only in the margin, are occasionally incomplete, and compete for attention with myriad notations of format changes, difficult to follow. We have run a marked copy using comparison software and attach it hereto for the Court's convenience.

We are, of course, available to confer should Your Honor so desire.

Respectfully submitted,

*/s/ Eugene Licker*

Eugene R. Licker

Encl.

DMEAST #44126224 v1

Paul W. Grimm
March 30, 2021
Page 3


cc: Richard Horowitz Esq.
      Gadeir F Abbas (CAIR)
      Ahmed Mohamed (CAIR)
      Carey Shenkman (CAIR)
      Lena F Masri (CAIR)
      Justin Mark Sadowsky (CAIR)
      Attiya Latif (CAIR)
      Matthew Lamb (Ballard)